IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2015 AUG 17 P 3:16

ALI OKLU,

    Plaintiff,

v.

PHILLIP WEINSTEIN,

    Defendant.

No. 15CV6488

**COMPLAINT FOR DAMAGES**
(Legal Malpractice)

**COMPLAINT**

Plaintiff Ali Oklu, a private individual, sues Defendant Phillip L. Weinstein, Attorney at Law, individually and alleges:

**JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. 1331, as there is complete diversity of citizenship between Plaintiff and the Defendant, and under 42 U.S.C. 1983, the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00, and under the Sixth Amendment of the United States Constitution.

**PARTIES**

2. At all times material to these claims, Plaintiff Ali Oklu (hereafter "Oklu" or "the Plaintiff") was a resident of Beckley,

West Virginia.

3. Defendant PHILLIP L. WEINSTEIN, was at all relevant times a resident of the State of New York and was a practicing attorney, licensed by the State of New York, and admitted to the State Bar Association. The Defendant was admitted to practice in federal and state court.

## FACTS GIVING RISE TO THE COMPLAINT

4. On or about October 24, 2011 the Plaintiff was charged with violating United States Statute 18 U.S.C. 922(k) and 18 U.S.C. 2315.

5. On or about October 25, 2011 Attorney Phillip Weinstein was assigned to represent the Plaintiff in the defense of the aforementioned charges.

6. The Plaintiff, upon the advice of Counsel Weinstein, entered a plea of guilty to the aforementioned counts and was subsequently sentenced to 46 months of incarceration with the Federal Bureau of Prisons.

7. In the twelve months preceding sentencing, the Plaintiff met with Counsel Weinstein on four occasions during which time the Plaintiff would be presented with discovery material with the instructions to let counsel know if he (Plaintiff) saw anything that would help his case.

8. During each of the 4 meetings with counsel, the Plaintiff would present his observations to Counsel regarding the government's evidence and in each instance Counsel would either be completely unaware of the evidence referenced by the Plaintiff, or as in most cases, Counsel would refuse to review the material with the Plaintiff.

9. Counsel Weinstein refused to review any discovery material relating to the Plaintiff's case, and Counsel refused to prepare for trial unless the Plaintiff could present audio and/or visual

evidence that would prove to be exculpatory to the Plaintiff.

10. On several occasions, the Plaintiff presented the requested audio and visual evidence to Counsel Weinstein only to have Counsel refuse to review the evidence.

11. Counsel Weinstein instructed the Plaintiff to perjure himself in open court and further, Counsel Weinstein wrote a script for the Plaintiff to read in open court to answer the Court's colloquy, a script that Counsel knew to be perjurious.

12. Counsel did not research any facet of the Plaintiff's case and at all times Counsel was unaware of the pertinent facts and related legal subject and theory that pertained to the Plaintiff's case.

13. Counsel deliberately and designedly misrepresented to the Plaintiff the particulars of the case against the Plaintiff in order to empower the prosecution in it's case against the Plaintiff.

## CONSTITUTIONAL CLAIMS

14. The actions of the Defendant as set forth in paragraphs 4-13 constitute a violation of the Plaintiff's Sixth Amendment right to effective representation of counsel during each phase of criminal prosecution and trial.

15. The actions of the Defendant as set forth in paragraphs 4-13 constitute an active breach of the fiduciary duty owed to the Plaintiff by the Defendant.

## PRAYER FOR RELIEF

A. On the claims stated in paragraphs 4-13, and for the injury suffered as a result thereof, the Plaintiff asks this Court to hold the Defendant liable to the Plaintiff for compensatory damages in the amount of three million dollars ($3,000,000.00).

B. On the claims stated in paragraphs 4-13, the Plaintiff asks the Court to hold the Defendant liable for punitive damages in the amount of three million dollars ($3,000,000.00).

### JURY DEMAND

Plaintiff demands a jury trial of his constitutional claims against the Defendant.

### VERIFICATION

I the undersigned, do hereby certify and verify, pursuant to 28 U.S.C. 1746, under penalty of perjury, that the foregoing is true and correct to the best of my belief and knowledge.

_____

Ali Oklu, Plaintiff Pro Se
Federal Register No. 65879-054
FPC Beckley
P.O. Box 350
Beaver, WV 25813

This the 6th day of August, 2015.

U.S. POSTAGE PAID
LAURENCE HARBOR, NJ
$4.87

CERTIFIED MAIL
7015 0640 0003 4556 6035

〈〉65879-054〈〉
Ali Oklu
Federal Correction Institution Beckley
P.O Box 350
Beaver, WV 25813
United States

〈〉65879-054〈〉
Clerk Us District Court   South District of NY
500 Pearl ST
Room 120
NEW YORK, NY 10007-1312
United States
ATTN: Pro se Office

USMp3 SDNY