```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ALI OKLU,

                    Plaintiff,              15 Civ. 6488 (RWS)

    -against-                                OPINION

PHILLIP WEINSTEIN,

                    Defendant.

------------------------------------------X

A P P E A R A N C E S:
```

<!-- Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DATE FILED: 11/17/15 -->

Pro Se

ALI OKLU
Federal Correctional Institution, Beckley
P.O. Box. 350
Beaver, WV 25813

Attorneys for the Defendant

GABARINI & SCHER, P.C.
432 Park Avenue South
New York, NY 10016
By: Gregg Weinstock, Esq.

**Sweet, D.J.,**

Plaintiff Ali Oklu ("Oklu" or the "Plaintiff"), a federal prisoner in West Virginia, proceeding *pro se*, has moved for a default judgment against the Defendant, Phillip Weinstein ("Weinstein" or the "Defendant") pursuant to Fed. R. Civ. P. 55. For the reasons stated below, the motion is denied.

**Prior Proceedings**

Plaintiff filed a Complaint on August 17, 2014, alleging that the Defendant provided him with inadequate representation while serving as his attorney in a criminal case. (Dkt. No. 1.) Defendant was served on October 5, 2015. (Dkt. No. 5.) On October 16, 2015, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7.) The motion is scheduled to be heard on submission on Wednesday, November 25, 2015. (Dkt. No. 11.)

**Applicable Standard**

Pursuant to Rule 55(a), a default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend." The decision whether to enter a default judgment is "committed to the district court's discretion." Greathouse v. JHS Sec., Inc., No. 12-4521-cv, 2015 WL 1781036, at *10 (2d Cir. Apr. 20, 2015). Similarly, Rule 6(b) allows the Court to extend the deadline to file a response "for good cause," which is also a discretionary decision. Garcia v. Goord, No. 01 Civ. 797, 2002 WL 272418, at *1 (S.D.N.Y. Feb. 26, 2002).

**The Motion is Denied**

In this case, "a default judgment is not warranted because the Defendant[] [is] not in default." Turner v. City of New York, No. 14 Civ. 7236, 2015 WL 2193439 (S.D.N.Y. May 8, 2015). Although Oklu asserts that the Defendant "has not served the Plaintiff with any pleading" in response to his Complaint (Dkt. No. 12, ¶ 4.), Rule 55 allows for entry of default only against parties who have "failed to plead *or otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added). Weinstein's filing of a motion to dismiss on October 16 amounts to a defense against the Complaint, and is sufficient to preclude any finding of default. See Brooks v. Educ. Bus Transp., No. 14 Civ. 3237, 2015 WL 7012924, at *7 (E.D.N.Y. Nov. 12, 2015). The motion is therefore denied.

The Court notes that the filing of the instant motion may indicate that Oklu has not received the motion to dismiss, and may be unaware of his opportunity to respond to it.[1] In light of the "special solicitude" that courts in the Second Circuit afford to pro se litigants, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), the Court extends Oklu's time to respond to the motion to dismiss until Friday, December 11, sua sponte. Any reply papers from Weinstein shall be submitted by Friday, December 18, and the motion will be heard on submission on Wednesday, December 23. A copy of the motion to dismiss and its supporting papers shall be attached to this Opinion and mailed to the Plaintiff.

**Conclusion**

The Plaintiff's Motion for a default judgment is denied. The briefing schedule on the motion to dismiss is extended and the hearing date rescheduled, as set forth above.

---

[1] Oklu has not yet filed any opposition to the motion to dismiss, although his response was due on October 30. (See Dkt. No. 11; Local Civil Rule 6.1.)

It is so ordered.

New York, NY
November 17, 2015

_____
ROBERT W. SWEET
U.S.D.J.