UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ALI OKLU,

                Plaintiff,           15 Civ. 6488

  -against-                     OPINION

PHILLIP WEINSTEIN,

                Defendant.

------------------------------------X

A P P E A R A N C E S:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/16

    Pro Se

    ALI OKLU, #65879-054
    FPC Beckley
    P.O. Box 350
    Beaver, WV 24813


    Attorneys for Defendant

    GARBARINI & SCHER, P.C.
    432 Park Avenue South
    New York, NY 10016-8013
    By:  Gregg D. Weinstock, Esq.

**Sweet, D.J.,**

Defendant Phillip Weinstein ("Weinstein" or the "Defendant") has moved to dismiss the Complaint of plaintiff Ali Oklu ("Oklu" or the "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). Based on the conclusions set forth below, the Defendant's motion is granted.

**Prior Proceedings**

Oklu, who is representing himself *pro se*, is currently incarcerated at a federal correctional institution in Beaver, West Virginia, serving a 46-month sentence for trafficking in illegal firearms. (See Complaint, Dkt. No. 1, ¶¶ 4, 6.) The instant action was commenced on August 17, 2015, with the filing of a complaint alleging that Weinstein, the lawyer who represented Oklu in his criminal case, provided ineffective assistance of counsel, depriving Oklu of his constitutional rights and breaching Weinstein's fiduciary duty to his client. (See generally id.)

Weinstein filed the instant motion to dismiss on October 16, 2015. (Dkt. No. 7) On December 22, 2015, after receiving an extension of time to respond (Dkt. No. 16), Oklu filed a "Reply

1

to Defendant's Motion to Dismiss the Complaint" - in essence, his opposition brief. (Dkt. No. 20.) On the same day, Gregg Weinstock, the attorney representing Weinstein, filed a reply declaration. (Dkt. No. 19.) The motion was marked fully submitted on December 23, 2015. (See Dkt. No. 16 at 4.)

**Facts**

The following facts from the Plaintiff's Complaint are accepted as true for the purposes of the motion to dismiss. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

On October 24, 2011, Oklu was charged with violating 18 U.S.C. § 922(k) (knowing possession, receipt, shipment, or transport a firearm with altered or obliterated serial number), and 18 U.S.C. § 2315 (sale or receipt of stolen goods). (Complaint, Dkt. No. 1, ¶ 4.) On the same day, Weinstein was assigned to defend him. (Id. ¶ 5.)[1] For the twelve months prior to sentencing, Oklu met with Weinstein on four occasions, during which time Weinstein was unaware of the evidence, refused to review case materials, misrepresented particulars about the case, and refused to prepare for trial unless Plaintiff could

---

[1] Although neither party directly cites the original criminal case proceedings in their papers, it appears that the case at issue was United States v. Oklu, 12 Cr. 177, before the Honorable William H. Pauley, III. Weinstein is listed on that case's docket as representing Oklu on behalf of the Federal Defenders of New York, Inc.

2

provide exculpatory evidence. (Id. ¶¶ 7-10.) At one point, Weinstein even instructed Oklu to perjure himself on the stand, drafting a script for Oklu to read that contained false information. (Id. ¶ 11.) On Weinstein's advice, Plaintiff ultimately entered a guilty plea on both counts and was sentenced to 46 months in prison. (Id. ¶ 6.)

**Applicable Standard**

In deciding a motion to dismiss for failure to state a claim for which relief can be granted, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff, as the nonmoving party. See In re Elevator Antitrust Litig., 502 F.3d at 50. The Court then determines whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quotation omitted). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 257 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While submissions of pro se litigants "must be construed liberally und interpreted 'to raise the strongest arguments that they suggest'" (Triestman

3

v. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (citing Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)), this more liberal pleading standard does not relieve the *pro se* plaintiff of the obligation to satisfy the pleading requirements of the Federal Rules. See Praseuth v. Werbe, 99 F.3d 402, 1995 WL 764946, at *1 (2d Cir. Dec. 15, 1995).

**The Complaint Fails to State a § 1983 Claim**

Oklu's Sixth Amendment claim is predicated on the statutory cause of action afforded by 42 U.S.C. § 1983. (See Complaint ¶¶ 1, 14.) Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

Oklu cannot state a claim against Weinstein under § 1983 because Weinstein is not a state actor. A § 1983 plaintiff must allege that the violation of his or her civil rights was attributable, at least in part, to a person acting under color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937

4

(1982); Marino v. Jonke, No. 11 Civ. 430, 2012 WL 1871623, at *5 (S.D.N.Y. Mar. 30, 2012). State action occurs where the challenged action of a private party is fairly attributable to the state, which is achieved when a two prong test is met: first, the deprivation of the plaintiff's rights must be caused by the exercise of some right or privilege created by the state, by a rule imposed by the state, or by a person for whom the state is responsible; and second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010) (citing Lugar, 457 U.S. at 937).

Oklu contends that the state actor requirement was satisfied because Weinstein was licensed to practice law by the State of New York. (See Pl.'s Reply, Dkt. No. 20, at 2.) However, it is "well settled that neither public defenders, nor other counsel appointed by the court, nor private attorneys are state actors for purposes of § 1983 merely by virtue of their position representing clients before the courts." Cato v. Gansberg, No. 15 Civ. 5323, 2016 WL 659734, at *2 (E.D.N.Y. Feb. 17, 2016) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). As Oklu alleges that Weinstein was assigned to represent him in his criminal case (Complaint ¶ 5), Weinstein does not constitute a state actor for § 1983 purposes, and his first claim is therefore dismissed.

5

**The State Law Claim is Dismissed**

Under New York law, a legal malpractice action arising from negligent representation in a criminal proceeding may not be maintained if the conviction for the underlying offense remains undisturbed. Abuhouran v. Lans, 269 F. App'x 134, 135 (2d Cir. 2008); Hoffenberg v. Meyers, 73 F. App'x 515, 516 (2d Cir. 2003). This requirement is "central to the determination of causation in a cause of action for legal malpractice arising from a criminal proceeding," because so long as the conviction stands and establishes the plaintiff's guilt, the lawyer's performance cannot be said to have caused an unjust conviction. See Britt v. Legal Aid Society, 95 N.Y.2d 443, 446 (2000); see also Abuhouran, 269 F. App'x at 135 ("Thus, to succeed, [Plaintiff] would have had to show innocence or a colorable claim of innocence."). It is undisputed that the Plaintiff's conviction remains undisturbed, and his Complaint lacks any colorable allegation of innocence. The cause of action for legal malpractice therefore cannot be maintained.

**Conclusion**

6

The Defendant's motion to dismiss is granted, as set forth above. While the Court would normally grant leave to replead so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), even the most generous reading of Oklu's complaint indicates that the flaws in his § 1983 claim cannot be cured by amendment. Because granting leave to replead would be futile, that claim is dismissed with prejudice. See id.; see also Cato, 2016 WL 659734, at *3.

As to Oklu's claim for legal malpractice, because a motion to vacate his conviction is currently pending in his criminal case, (See United States v. Oklu, No. 12 Cr. 177-1, Dkt. No. 133), it remains possible that his conviction could be overturned, and the bar to his legal malpractice action lifted. Oklu's second claim is therefore dismissed without prejudice to refiling if his conviction is overturned. See Hoffenberg, 73 F. App'x at 516-17 (modifying district court judgment to a dismissal without prejudice where it was possible that a conviction might be overturned in the future).

7

It is so ordered.

New York, NY
March 9, 2016

ROBERT W. SWEET
U.S.D.J.